

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANI
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| MAUREEN NAGLE, | * | Case No. 05-42227-WIL |
| | | Chapter 13 |
| Debtor. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OF DECISION IN SUPPORT OF ORDER GRANTING APPLICATION [46] OF TRUSTEE TO COMPROMISE <u>CONTROVERSY WITH CITIMORTGAGE, INC.</u>

Before the Court is the Application [46] of the Chapter 7 Trustee to Compromise Controversy with CitiMortgage, Inc. (the "Application"), filed on September 14, 2006, and the Debtor's Objection [48], filed on October 6, 2006. A hearing on this matter was held on December 4, 2006. At that hearing the Court heard argument of both the Trustee and the Debtor and then granted the Application.

### <u>Background</u>

On October 15, 2005, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Steven H. Greenfeld was appointed as Chapter 7 Trustee and is administering the estate for the benefit of creditors. At the time the Debtor filed her petition, she had a pending claim against her former employer based on an alleged wrongful termination action commenced in Connecticut. The Debtor properly disclosed her interest in this claim on her Schedule of

Personal Property (Schedule B), under Item No. 20 (Other contingent and unliquidated claims of every nature), an "AAA wrongful termination proceeding in CT." On her Schedule of Exemptions (Schedule C), she claimed an exemption in this asset in the amount of $0.00.

The Trustee investigated the claim and, with Court approval, engaged the Debtor's (now former) attorney as special counsel to represent the interests of the estate in the pending action in Connecticut. On September 14, 2006, the Trustee filed the Application. In the Application and also at the hearing, the Trustee summarized the settlement as follows: CitiMortgage, Inc. would pay to the Trustee the amount of $40,000.00 in two (2) equal payments. The first payment would be in satisfaction of monetary portion of the claim, including lost wages, and the second payment would be in satisfaction of the alleged nonmonetary portion of the claim, including pain and suffering. The Trustee would execute a release and dismiss the pending wrongful termination claim. He further asserted that in his business judgment, and based upon the advice of special counsel, the settlement was in the best interest of the estate and its creditors because the estate would avoid further potentially significant litigation costs, all creditors and costs of administering the estate would be paid in full, and the Debtor would also receive a substantial portion of the proceeds. Special counsel, who previously represented the Debtor in the mediation of the claim, reached a settlement which culminated in the settlement terms proposed by the Trustee in the Application. The Trustee accepted special counsel's recommendation that these terms were in the best interests of the estate and the Debtor.

The Debtor objected on the grounds that the Trustee "intercepted and usurped" her rights, and that settlement amount was not high enough to, among other things, punish CitiMortgage, Inc. for its violation of her civil and statutory rights under the Family Medical leave Act.

### Discussion

***The Wrongful Termination
Claim is Property of the Estate***

The Court reiterates a point made several times during the hearing on December 4, 2006; when the Debtor filed her bankruptcy petition, she voluntarily put her property in the hands of the Trustee.  11 U.S.C. §541(a) defines property of the estate, and provides, in relevant part as follows:

> "The commencement of a case under sections 301, 302, or 303 of this title creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section [which do not apply here], all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. §541(a)(1).

The filing of a bankruptcy petition creates a bankruptcy estate that is comprised of every interest held by the Debtor on that date in *property of any kind*.  *National City Bank of Minneapolis v. Lapides (In re Transcolor Corp.)*, 296 B.R. 343, 354 (Bankr. D. Md. 2003) (emphasis added).  The bankruptcy court becomes the proper forum for the administration of the estate and assets thereof, disposition of motions and claims brought by or against a debtor, a trustee or third parties regarding property of the debtor or the debtor's estate.  *Id*. at 354-55.  Because the claim is property of the estate, the trustee has full authority over it.  *Steyr-Daimler-Puch of America Corp. v. Pappas*, 852 F. 2d 132, 136 (4th Cir. 1988). *See also Logan v. JKV*

*Real Estate Svcs. (In re Bogdan)*, 414 F. 3d 507, 512 (4th Cir. 2005) (trustee is specifically authorized to reduce to money the property of the estate, and property of the estate includes all kinds of property, including intangibles and causes of action). The Debtor argued incorrectly at the hearing that property of the estate consists of only the monetary portion of her claim against CitiMortgage, Inc. For the foregoing reasons, the entire claim was property of the estate and the Trustee had the authority to settle the claim or take other action to reduce it to money for the benefit of creditors of the estate.

### The Settlement Satisfied Rule 9019
### of the Federal Rules of Bankruptcy Procedure

Federal Bankruptcy Rule 9019 provides that the Court may approve a compromise or settlement on motion by the trustee and after notice and a hearing. Notice is to be given to all creditors, the debtor, the United States Trustee and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a). Settlements are to be encouraged. *U.S. v. Oncology Assoc., P.C. (In re Equimed, Inc.)*, 269 B.R. 139, 149 (D. Md. 2001) (citing *In re Smith,* 210 B.R. 689, 692 (Bankr. D. Md. 1997)). The proponent of the settlement bears the burden of proof that the settlement is both reasonable and in the best interests of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). A full evidentiary hearing is not required. *See, e.g., DePoister v. Mary M. Holloway Found.*, 36 F. 3d 582 (7th cir. 1994); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991).

The following factors are relevant in deciding whether or not to approve a settlement: (1) probability of success in litigation; (2) difficulties, if any, attendant to collection; (3) complexity of litigation, including expense, inconvenience and delay attendant to the litigation; and (4) paramount interest of creditors and proper deference to their reasonable views. *Id.* (citing

-4-

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc., v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1968)).  In making its decision, the court apprises itself of all facts necessary for an intelligent and objective opinion of the probable success should the claim be litigated.  *Id*.  The court also considers all other facts relevant to a full and fair assessment of the wisdom of the proposed settlement.  *Id*.  The essential inquiry is to determine whether the settlement reached by the parties is fair and equitable and in the best interests of the estate.  *Id*. at 150 (citing *Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F. 2d 1128, 1135 (8th Cir. 1984)).

In this case, the Trustee determined that it would be in the best interests of the estate and creditors to avoid potentially large costs of litigating the claim.  He also relied on the advice of the Debtor's former counsel in determining that the settlement was fair and appropriate under the circumstances of the case.  He was able to settle the claim in an amount that will pay creditors in full, pay the administrative expenses and also result in a significant return to the Debtor.  For these reasons, the Court finds that the settlement satisfies the standard required by Bankruptcy Rule 9019.  The Debtor's objections were given due consideration but must be overruled.  The Trustee has not usurped her civil rights, and while she may want to punish her former employer for the alleged violations of federal law, she may no longer do that to the detriment of her creditors now that her claim is part of the bankruptcy estate.

The Trustee's Application is therefore granted.  A separate Order will issue.

cc:    Debtor
       Chapter 7 Trustee
       U.S Trustee